1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

FRANK HEARRING,

Case No. 3:22-cv-00377-LRH-CSD

7

Petitioner,

8

v.

**ORDER**

WILLIAM REUBART, *et al.*,

9

Respondents.

10

11    Petitioner Frank Hearring has filed a Petition for Writ of Habeas Corpus (ECF No. 1-1

12    ("Petition")) pursuant to 28 U.S.C. § 2254, a motion for appointment of counsel (ECF No. 1-2),

13    and a motion for leave to proceed *in forma pauperis* (ECF No. 4). This habeas matter is before the

14    Court for initial review under the Rules Governing Section 2254 Cases. For the reasons discussed

15    below, the Court grants Hearring's motion for leave to proceed *in forma pauperis*, defers

16    consideration of his motion for the appointment of counsel, and orders him to show cause in

17    writing within thirty days as to why the Petition should not be dismissed for a lack of jurisdiction.

18    **I.    BACKGROUND**

19    Hearring challenges a 2013 conviction and sentence imposed by the Eighth Judicial District

20    Court for Clark County ("state court"). *State of Nevada v. Frank Hearring*, Case No. C-13-291159-

21    1.[1] On December 30, 2013, the state court entered a judgment of conviction, pursuant to a guilty

22    plea, for second-degree murder with the use of a deadly weapon. Hearring was sentenced to life

23    with the possibility of parole after 10 years plus a consecutive term of 96 to 240 months for the

24    deadly weapon enhancement. Hearring did not file a direct appeal.

25    On March 30, 2015, Hearring filed a state petition for writ of habeas corpus. The state court

26

27    _____

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District
Court and Nevada appellate courts. The docket records may be accessed by the public online at:
https://www.clarkcountycourts.us/Anonymous/default.aspx and

28    http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1    denied post-conviction relief on September 14, 2015. Hearring filed a post-conviction appeal, and

2    on April 14, 2016, the Nevada Supreme Court affirmed, determining that Hearring's state petition

3    was untimely and procedurally barred. Remittitur issued on May 9, 2016.

4            On or about July 11, 2016, Hearring initiated a federal habeas corpus proceeding in case

5    number 2:16-cv-01639-GMN-GWF,[2] challenging the December 30, 2013, judgment of

6    conviction. On January 5, 2017, United States District Court Judge Gloria M. Navarro dismissed

7    Hearring's petition because it was untimely and because all grounds were procedurally defaulted.

8    Judgment was entered.

9            On February 25, 2019, Hearring filed a second state petition for writ of habeas corpus. The

10   state court denied post-conviction relief on April 12, 2019. Hearring filed a post-conviction appeal,

11   and on December 20, 2019, the Nevada Court of Appeals affirmed, determining that Hearring's

12   state petition was untimely, procedurally barred, and an abuse of the writ. Remittitur issued on

13   January 14, 2020.

14           On December 2, 2021, Hearring filed a third state petition for writ of habeas corpus. The

15   state court denied post-conviction relief on December 17, 2021. Hearring filed a post-conviction

16   appeal, and on July 26, 2022, the Nevada Court of Appeals affirmed, determining that Hearring's

17   state petition was untimely and procedurally barred. Remittitur issued on August 22, 2022.

18           On or about August 24, 2022, Hearring initiated his instant Petition. (ECF No. 1-1.) On

19   August 25, 2022, this Court instructed Hearring to file an *in forma pauperis* application or pay the

20   $5.00 filing fee. (ECF No. 3.) Hearring timely complied, filing an *in forma pauperis* application

21   on September 14, 2022. (ECF No. 4.)

22   **II.    DISCUSSION**

23           Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order

24   a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v.*

25   *Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss

26   petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v.*

27

28           [2]The Court takes judicial notice of the online docket records of this case.

1    *Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims

2    at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

3        Federal courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah*

4    *Servs., Inc.*, 545 U.S. 546, 552 (2005). "A federal district court is obligated to ensure it has

5    jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to

6    act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017-18 (D. Nev. 2007) (citing *Steel Co. v.*

7    *Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

8        "[A] federal habeas petition is second or successive if the facts underlying the claim

9    occurred by the time of the initial petition, . . . and if the petition challenges the same state court

10   judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). The

11   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in relevant part, that

12   a claim presented in a second or successive federal petition that was not presented in a prior petition

13   shall be dismissed unless:

14       (B)(i) the factual predicate for the claim could not have been discovered previously
         through the exercise of due diligence; and

15

16       (ii) the facts underlying the claim, if proven and viewed in light of the evidence as
         a whole, would be sufficient to establish by clear and convincing evidence that, but
         for constitutional error, no reasonable factfinder would have found the applicant

17       guilty of the underlying offense.

18   28 U.S.C. § 2244(b)(2). Before a second or successive petition may be filed in a federal district

19   court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing

20   the district court to consider the petition. *See id.* § 2244(b)(3). The district court does not have

21   jurisdiction to entertain a second or successive petition absent such permission. *See Brown*, 889

22   F.3d at 667. "[I]n cases involving doubt about whether a petition will be deemed second or

23   successive," the Ninth Circuit has instructed "petitioners to seek authorization in [its] court first,

24   rather than filing directly in the district court." *Goodrum v. Busby*, 824 F.3d 1188, 1195 (9th Cir.

25   2016) (citation omitted).

26       Hearring's instant Petition challenges the same December 30, 2013, judgment of

27   conviction that was challenged in case number 2:16-cv-01639-GMN-GWF. And the petition filed

28   in 2:16-cv-01639-GMN-GWF was decided on its merits. *See McNabb v. Yates*, 576 F.3d 1028,

1029-1030 (9th Cir. 2009) (holding that "the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive'"); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (holding that "a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition . . . 'second or successive' for purposes of the AEDPA"). Moreover, an initial review of the Petition fails to show that Hearring had not discovered the factual predicates for his instant Petition before filing his previous petition. At the very least, the filing of Hearring's petition in case number 2:16-cv-01639-GMN-GWF and corresponding 2017 merits decision raises serious doubt about whether Hearring's instant Petition will be deemed second or successive. Accordingly, because Hearring has indicated that he has not been given permission by the Ninth Circuit Court of Appeals to file a successive petition (ECF No. 1-1 at 2), this Court finds jurisdiction potentially lacking. As such, based on these issues, Hearring will be required to show cause why this action should not be dismissed without prejudice for a lack of jurisdiction based on the Petition being second or successive.

This Court notes, by statute and circuit rule, it has discretionary authority to transfer Hearring's Petition to the Ninth Circuit for consideration as an application for leave to file a second-or-successive petition. *See* 28 U.S.C. § 1631 (stating that whenever a court identifies a lack of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . ."); 9th Cir. R. 22-3 ("If an unauthorized second or successive section 2254 petition . . . is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals.").

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that Petitioner's motion to proceed *in forma pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that on or before October 17, 2022, Petitioner Frank Hearring must file a "Response to Order to Show Cause" showing cause why this action should not be dismissed without prejudice for a lack of jurisdiction based on the Petition being second or

1  successive. If Hearring does not timely and fully respond to this order, this action will be dismissed

2  without prejudice and without further advance notice.

3      DATED this 19th day of September 2022.

4

5  _____

6  LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28